agreement specified that the Court of Federal Claims could confirm any arbitration award under its terms. Indeed, that is unlikely, given that the agreement here was initially between two private parties. Thus, under the FAA, in the Federal court system only the appropriate United States District Court could have jurisdiction over the motion or action to confirm an arbitration award. From a district court's ruling over a motion or action to confirm the award, the FAA allows an appeal to a United States Court of Appeals from the otherwise interlocutory district court order denying the motion to confirm the arbitration award.

Because this is not an appeal from a district court order denying a motion to confirm an arbitration award, the provision of the FAA that allows appeals from such interlocutory orders does not apply.* Thus, the order is not appealable. Finally, Hardie does not argue that the order is appealable under the collateral order doctrine. See *Richardson–Merrell, Inc. v. Koller*, 472 U.S. 424, 431, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985) (to be an appealable collateral order, the order must " 'conclusively determine the disputed question,' 'resolve an important issue completely separate from the merits of the action,' and 'be effectively unreviewable on appeal from a final judgment.' ") (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978)). Here, the order would not be effectively unreviewable on appeal from a final judgment.

Accordingly,

IT IS ORDERED THAT:

* We did not, in our earlier decision, reach the issue whether the FAA applied to this case because the Court of Federal Claims did not have jurisdiction under the FAA. In *Hardie v. United States*, 367 F.3d 1288, 1290–91 (Fed.

(1) The motion to dismiss is granted.

(2) Each side shall bear its own costs.

**Pacifico MARANON, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**No. 05–3143.**

United States Court of Appeals, Federal Circuit.

May 23, 2005.

**ORDER**

The petitioner having failed to pay the docketing fee required by Federal Circuit Rule 52(a)(1) and to file the required Statement Concerning Discrimination, it is

ORDERED that the petition for review be, and the same hereby is, DISMISSED,

Cir.2004), we only rejected the United States' argument that, because the United States asserted it was not bound to arbitrate, the FAA was not applicable.

for failure to prosecute in accordance with the rules.

Felicidad DE LA CRUZ, Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT, Respondent.

No. 05–3146.

United States Court of Appeals, Federal Circuit.

May 23, 2005.

ORDER

The petitioner having failed to pay the docketing fee required by Federal Circuit Rule 52(a)(1) and to file the required Statement Concerning Discrimination, it is

ORDERED that the petition for review be, and the same hereby is, DISMISSED, for failure to prosecute in accordance with the rules.

Rufino D. QUILALANG, Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT, Respondent.

No. 05–3147.

United States Court of Appeals, Federal Circuit.

May 23, 2005.

ORDER

Order Vacated, See 2005 WL 1995108.

The petitioner having failed to file the required Statement Concerning Discrimination, it is

ORDERED that the petition for review be, and the same hereby is, DISMISSED, for failure to prosecute in accordance with the rules.

Moises C. SALLUTAN, Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT, Respondent.

No. 05–3152.

United States Court of Appeals, Federal Circuit.

May 23, 2005.